**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DWAYNE STOUTAMIRE, | ) | CASE NO.1:16CV2840 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| POLLY SCHMALZ, ET AL., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court following Plaintiff Dwayne Stoutamire's Objection (ECF DKT # 36) to the Magistrate Judge's Report and Recommendation. (ECF DKT # 34). For the following reasons, and after *de novo* review and consideration of Stoutamire's Objection, the Court accepts the Magistrate Judge's recommendation and grants Defendants Lt. Timothy Hicks, Polly Schmalz and Julie Hensley's ("Defendants") Motion for Summary Judgment. (ECF DKT # 24). However, these claims are dismissed without prejudice, rather than as recommended. Finally, the Court accepts the Magistrate Judge's recommendation and denies Stoutamire's Motion to Amend (ECF DKT # 31) as moot and/or futile.

**Procedural Background**

On November 22, 2016, Stoutamire filed a *pro se* action under 42 U.S.C. § 1983 against Defendants alleging excessive force and refusal of medical treatment. (ECF DKT # 1). Defendants moved for summary judgment. (ECF DKT # 24). Stoutamire opposed that motion (ECF DKT # 26), and Defendants replied to his opposition. (ECF DKT # 27). Stoutamire also moved to amend his complaint to name additional defendants. (ECF DKT # 31). Defendants opposed that motion (ECF DKT # 32), and Stoutamire replied to their opposition. (ECF DKT #33). On July 19, 2018, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted and that all claims against them be dismissed with prejudice. (ECF DKT # 34). Additionally, the Magistrate Judge recommended that Stoutamire's Motion to Amend be denied as moot and/or futile. (ECF DKT # 34). On August 15, 2018, Stoutamire filed his Objection to the Magistrate Judge's Report and Recommendation. (ECDF DKT # 36).

## Factual Background

**A. Excessive Force Claim**

The claim arose from an incident that took place on November 11, 2014, while Stoutamire was in a prison office to complete a report on a separate claim of excessive force. (ECF DKT # 26, Ex. 5 at 1). Stoutamire alleged that he was pushed into a wall by Hicks, hit twice in the stomach by another correctional officer and then hit on the cheek by Hicks. (ECF DKT # 26, Ex. 5 at 1). Stoutamire stated that he was then asked by Hicks for his name and inmate number. (ECF DKT # 26, Ex. 5 at 1). After he complied, Stoutamire alleged that he was "maced in the face," knocked to the ground and roughed up. (ECF DKT # 26, Ex. 5 at 1).

Hicks stated in his affidavit that, when ordered to give his name and inmate number, Stoutamire stepped towards him in a "hostile manner, with his hands up." (ECF DKT # 24,

Ex. 7 at 1). In response, Hicks stated that he brought his hands up in a flinch block, a move to deflect an attack. (ECF DKT #24, Ex. 7 at 1). Hicks stated that this was ineffective and Stoutamire "continued to be loud and placed his hands in a fighting stance." (ECF DKT #24, Ex. 7 at 2). Hicks said that, in response to a perceived danger, he sprayed Stoutamire in the face with pepper spray. (ECF DKT #24, Ex. 7 at 2). Stoutamire, for his part, denied raising his hands and stepping towards Hicks in an aggressive manner. (ECF DKT # 26 at 19).

Following this incident, a use of force investigation was conducted by the Ohio Department of Correction that concluded that the use of force did not appear excessive. (ECF DKT # 24, Ex. 1 at 19). The warden concurred with these findings. (ECF DKT # 24, Ex. 1 at 19-20).

Before the use of force investigation concluded, Stoutamire submitted a handwritten inquiry asking how to file a use of force complaint against "high ranking officers." (ECF DKT # 26, Ex. 3). The handwritten response, dated November 18, 2014, stated that all use of force complaints "are not grievable." (ECF DKT # 26, Ex. 3). Rather, the response, written by the inspector of institutional services, stated that these complaints were reviewed by the warden, who decides if they will be investigated by a committee. (ECF DKT # 26, Ex. 3). On November 24, 2014, Stoutamire filed a grievance with the inspector of institutional services, who explained that the use of force investigator would complete the investigation and forward findings to the warden for review. (ECF DKT # 26, Ex. 2). This disposition of grievance, dated December 2, 2014, noted that Stoutamire could appeal this decision to the chief inspector within fourteen calendar days. (ECF DKT # 26, Ex. 2). Stoutamire did not contact the chief inspector. (ECF DKT # 26 at 5).

Defendants asserted that Stoutamire did not exhaust his claim under the Ohio prisoner

grievance process. (ECF DKT # 24 at 18). Stoutmire agreed that he did not complete the third step of the inmate grievance process. (ECF DKT #26 at 5).

**B. Medical Treatment Claim**

Stoutamire alleged that a doctor recommended that he have surgery on his feet but that he was unable to do so "due to protocol." (ECF DKT # 1 at 4). On September 14, 2015, Stoutamire submitted an informal complaint that stated that he needed the surgery because it was painful to walk. (ECF DKT # 26, Ex. 4). After receiving an unsatisfactory response to this informal complaint, Stoutamire filed a grievance with the inspector of institutional services. (ECF DKT # 26 at 6). In denying his grievance, the inspector indicated that Stoutamire's injury was ineligible for surgical procedures. (ECF DKT # 26, Ex. 6). This document also stated that Stoutamire could appeal this decision to the chief inspector within fourteen days. (ECF DKT # 26, Ex. 6).

Defendants asserted that Stoutamire failed to exhaust available administrative remedies for this claim. (ECF DKT #24 at 18). In his response to the Motion for Summary Judgment, Stoutamire argued that he was not required to complete the third step in the grievance process. (ECF DKT # 26 at 6).

**Law and Analysis**

**A. Standard of Review**

The District Court reviews *de novo* any finding or recommendation of the Magistrate Judge's Report and Recommendation to which specific objections are made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c); N.D. Ohio Civ. R. 72.3(b). Parties that fail to file objections waive the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140, 146 (1985) (affirming *Walters* as a valid exercise of the court of

appeal's supervisory power). Further, parties cannot raise new arguments or issues to the district court that were not presented to the magistrate judge. *Becker v. Clermont Cty. Prosecutor*, No. 10-4342, 2011 WL 5061410, at *2 (6th Cir. Oct. 25, 2011) (citing *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (finding petitioner's failure to raise a claim before the magistrate judge constituted waiver)).

### B. Prison Litigation Reform Act and Ohio Procedure

The Prison Litigation Reform Act (PLRA) requires that inmates exhaust available administrative remedies prior to filing a claim under federal law. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding "that the PLRA's exhaustion requirement applies to all suits about prison life," including excessive force allegations); *Lee v. Willey*, 789 F.3d 673, 681 (6th Cir. 2015). Proper exhaustion of the administrative grievance process, which demands adherence with deadlines and critical procedural rules, is required. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). *See also Pool v. Klenz*, No. 17-3426, 2018 WL 1989637, at*2 (finding that untimely grievances did not comply with Ohio Administrative Code and were non-exhaustive). Failure to exhaust is an affirmative defense; plaintiffs are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, failure to exhaust must be established by defendants. *Napier v. Laurel County*, 636 F.3d 218, 255 (6th Cir. 2011). Summary judgment may be granted "if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). Claims that fail to satisfy the exhaustion requirement should be dismissed without prejudice. *Adams v. Smith*, 166 F.App'x 201, 204 (6th Cir. 2006) (quoting *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) *abrogated by Jones v. Bock*, 549 U.S. 199 (2007) on

other grounds).

Ohio has a three-step inmate grievance process. Ohio Admin. Code § 5120-9-31(K). *See also Troche v. Crabtree*, 814 F.3d 795, 799 (6th Cir. 2016). In the first step, an inmate must file an informal complaint within fourteen days of the event from which the complaint arose. Ohio Admin. Code § 5120-9-31(K)(1). If dissatisfied with the response to his informal complaint, the second step of the grievance process requires the inmate to file a grievance with the inspector of institutional services within fourteen days. Ohio Admin. Code § 5120-9-31(K)(2). If dissatisfied with the response to this grievance, the third step requires the inmate to file a grievance with the chief inspector within fourteen days. Ohio Admin. Code § 5120-9-31(K)(3). The chief inspector may waive this time limit for good cause. *Id.*

### C. Plaintiff's Objections

#### i. Excessive Force Claim

##### a. Grievance Granted by Institutional Inspector

In his first objection, Stoutamire argues that he was unable to file a grievance with the chief inspector because his excessive force grievance was "granted" by the inspector of institutional services. (ECF DKT # 36 at 3). He stated that the third step was unnecessary because he received the relief sought. (ECF DKT # 36 at 7). This is a faulty argument. If Stoutamire were dissatisfied with the response he received from the inspector of institutional services, the inmate grievance process requires that he file a grievance with the chief inspector within fourteen days of receipt of the response. Ohio Admin. Code § 5120-9-31(K)(3). If he were satisfied with the response and received the relief he sought, there would be no cause to bring this 42 U.S.C. § 1983 claim. Therefore, the Court finds that this objection is without merit.

### b. Misinformed by Institutional Inspector

In his second objection, Stoutamire contends that he did not complete the third step of the grievance process because the inspector of institutional services informed him that no grievance could be filed. (ECF DKT # 36 at 4). The PLRA requires inmates exhaust the available grievance process prior to bringing suit in federal court. 42 U.S.C. § 1997e(a). An administrative grievance process is not available "when prison administrators thwart inmates from taking advantage of the grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 U.S. 1850, 1860 (2016). In *Green v. Haverstick*, for example, the Sixth Circuit found that, despite an official's refusal to accept the plaintiff's grievance, the fact that the plaintiff was able to file a subsequent grievance about the same event demonstrated that he was not prevented from accessing the grievance process. No. 16-2523, 2017 WL 5171244, at *2 (6th Cir. Aug. 30, 2017).

Here, six days after Stoutamire received this response, he filed another grievance with the institutional inspector about this incident. (ECF DKT #26, Ex. 2). The disposition of this second grievance explicitly stated that an appeal could be made to the chief inspector. (ECF DKT # 26, Ex. 2). Like the plaintiff in *Green*, Stoutamire's filing of a subsequent grievance about the same event demonstrated that he was able to access the grievance process. He simply did not complete the required steps.

Further, Defendants attested that Stoutamire successfully exhausted administrative remedies in other instances. (ECF DKT #24, Ex. 8 at 4). This indicates that Stoutamire understood and was capable of completing the three-step grievance process.

Therefore, the Court finds that Stoutamire's second objection is unpersuasive.

### c. Grievance Against Warden

In his third objection, Stoutamire responds to the Magistrate Judge's Report and Recommendation by raising a new argument regarding grievance procedures against the warden. (ECF DKT # 36 at 5).  Pursuant to *Murr*, arguments not raised to the Magistrate Judge are waived. *Murr*, 200 F.3d at 902 n.1.

### ii. Medical Treatment Claim

Stoutamire raised an argument on objection that was not presented to the Magistrate Judge.  Pursuant to *Murr*, failure to raise this argument constitutes waiver. *Murr*, 200 F.3d at 902 n1.

### Conclusion

In evidence presented to the Magistrate Judge, both parties acknowledged that Stoutamire failed to complete the third step in the inmate grievance process for either claim. (ECF DKT 24 at 18; ECF DKT #26 at 5-6).  Therefore, the Court accepts the Magistrate Judge's Report and Recommendation and grants Defendants' summary judgment.  However, these claims are dismissed without prejudice, rather than as recommended.  Finally, the Court denies Stoutamire's Motion to Amend as moot and/or futile.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  September 6, 2018