UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DWAYNE STOUTAMIRE,** | ) | CASE NO. 1:16CV2840 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **LT. HICKS, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Plaintiff Dwayne Stoutamire's Motion for Fraud of the Court. (ECF # 50). This case was referred to the Magistrate Judge and on August 26, 2020, the Magistrate Judge issued his Report and Recommendation (ECF # 54), recommending that the Court deny Plaintiff's Motion. On September 14, 2020, Plaintiff filed his Objections. (ECF # 55). This matter is now ripe for ruling.

Plaintiff moves for a finding of fraud on the Court against Defendants, alleging that in support of their earlier filed Motion for Summary Judgment, Defendants misrepresented to the Court, through an affidavit, that Plaintiff had only completed two of the three administrative appeal steps necessary to exhaust administrative remedies before he could bring suit. The Court, in reliance on that representation, granted summary judgment for Defendants. However, on appeal, the parties discovered that, in fact, Plaintiff had properly exhausted all three administrative appeal steps prior to suit.

Plaintiff asserts this was an intentional fraud on the Court while Defendants assert it was an inadvertant oversight. Plaintiff brings his action under Fed. R. Civ. P. 60(b)(3) and 60(d). Plaintiff does not state what relief he seeks.

The Magistrate Judge recommends denying Plaintiff's Motion because Plaintiff's claims are active due to the Sixth Circuit reviving Plaintiff's claims after Defendants acknowledgment that Plaintiff had exhausted his administrative appeals,. Thus, there is no final judgment, order, or proceeding from which he needs relief. Furthermore, the Magistrate Judge found that once Defendants learned that Plaintiff had exhausted the administrative appeal process, they abandoned their defense and acknowledged it, resulting in the revival of Plaintiff's claims. This, according to the Magistrate Judge, evidences the inadvertance of the mistake and not an intentional fraud.

Plaintiff objects, contending that the Magistrate Judge erroneously found that Defendants discovered their error after further review, when in fact, it was Plaintiff who discovered it. Secondly, Plaintiff asserts Defendants represented to the Court on summary judgment they had reviewed Plaintiff's administrative file thoroughly when they claimed he had not exhausted his administrative appeal process, yet the file contained the evidence that he had not exhausted all three steps. Lastly, Plaintiff argues reckless indifference can satisfy a finding of fraud.

## **STANDARD OF REVIEW**

Plaintiff moves under Fed. R. Civ. P. 60(b)(3) and 60(d). Fed. R. Civ. P. 60 reads in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Fed R. Civ. P. 60(d) reads:

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:
(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
(3) set aside a judgment for fraud on the court.

These Rules provide a means for a litigant to obtain relief from a final judgment, order, or proceeding.  Yet, the Magistrate Judge has accurately pointed out that Plaintiff has already obtained such relief when the Sixth Circuit revived his claims which are presently pending before the Magistrate Judge.  Therefore, he has no need of the remedy he seeks via this motion.

Therefore, for the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation and denies Plaintiff's Motion for Fraud.[1]

IT IS SO ORDERED.


Date: October 6, 2020              /s/Christopher A. Boyko
                                   CHRISTOPHER A. BOYKO
                                   Senior United States District Judge

---

[1] Notably, Plaintiff has not asked for a sanction for Defendants' misrepresentation and the Court will not treat this Motion as requesting such relief.