UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DWAYNE STOUTAMIRE,** | ) | **CASE NO.1:16CV2840** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **POLLY SCHMALZ, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge (ECF # 68) that Defendant Timothy Hicks' Motion for Summary Judgment (ECF # 24) on Plaintiff Dwayne Stoutamire's Excessive Force/Cruel and Unusual Punishment claim be denied. For the following reasons, the Court adopts in part, and modifies in part, the Magistrate Judge's Report and Recommendation.[1] As a result, the Court denies Hicks' Motion for Summary Judgment on Stoutamire's Excessive Force claim related solely to Stoutamire's single allegation that Hicks unlawfully and maliciously pepper sprayed him. The Court finds that Stoutamire's claim that Hicks punched him in the face was not alleged in his Complaint or Amended Complaint and is therefore, not before the Court. The Court grants summary judgment for Hicks insofar as Stoutamire's Complaint alleges an official capacity claim against Hicks.

---

[1] The Motion for Summary Judgment was brought on behalf of Defendants, Hicks, Polly Schmalz and Julie Hensley. However, Schmalz and Hensley are only Defendants as to Stoutamire's medical claim which was found to have been waived by the Sixth Circuit. Thus, only Hicks' defenses are relevant for Stoutamire's Excessive Force claim.

**Procedural Background**

On November 22, 2016, Stoutamire filed a *pro se* action under 42 U.S.C. § 1983 against Defendants, alleging claims of excessive force and refusal to provide medical treatment. Defendants moved for summary judgment. Because of Stoutamire's *pro se* status, the case was referred to the Magistrate Judge for pretrial supervision. On summary judgment, the Magistrate Judge recommended dismissing all of Stoutamire's claims with prejudice for failure to exhaust his administrative remedies. The Court adopted the Report & Recommendation on Excessive Force and further found Stoutamire waived his medical claim. The Court modified the dismissal to be without prejudice, allowing Stoutamire to refile his claims upon exhaustion of his administrative remedies. Stoutamire appealed the decision. On appeal, Defendants determined Stoutamire had, in fact, exhausted his administrative remedies and asked that the case be returned to this Court for further adjudication on the merits. The Sixth Circuit agreed but held that Stoutamire had waived his medical treatment claim. Upon return to the District Court, the case was re-referred to the Magistrate Judge on November 8, 2019 for a Report and Recommendation on the merits of Defendants' Summary Judgment Motion. The Report and Recommendation issued on September 9, 2021 and Defendant Hicks filed his Objections on September 30, 2021.

**Factual Background**

Stoutamire's Excessive Force claim arose from an incident that took place on November 11, 2014, while Stoutamire was in a prison office to complete a report on a separate claim of excessive force. Stoutamire's Complaint as pertains to Hicks alleges in its entirety that, " [I]n the month of November 2014, a correctional officer wrote a incident report on me and contacted

2

the captains office concerning this incident. Sometime later I was escorted to the captain's office. Once I was brought into this office Lt. Hicks had me before him and maced me in my face while another officer punched on me." (ECF # 1, pg. 3).

Hicks, in his Motion for Summary Judgment and accompanying affidavit, states that when ordered to give his name and inmate number, Stoutamire stepped towards him in a "hostile manner, with his hands up." (ECF# 24, Ex. 7 at 1). In response, Hicks stated that he brought his hands up in a flinch block, a move to deflect an attack. (ECF #24, Ex. 7 at 1). Hicks stated that this was ineffective and Stoutamire "continued to be loud and placed his hands in a fighting stance." (ECF #24, Ex. 7 at 2). Hicks said that, in response to a perceived danger, he sprayed Stoutamire in the face with pepper spray. (ECF #24, Ex. 7 at 2). Stoutamire, for his part, denied raising his hands and stepping towards Hicks in an aggressive manner. (ECF# 26 at 19).

Following this incident, a Use of Force investigation was conducted by the Ohio Department of Correction that concluded that the use of force did not appear excessive. (ECF # 24, Ex. 1 at 19). The warden concurred with these findings. (ECF # 24, Ex. 1 at 19-20).

## Report and Recommendation

In his Report and Recommendation, the Magistrate Judge considered the competing Declarations of Stoutamire and Hicks. According to Stoutamire's Declaration:

> On the 11th of November, 2014, I was transferred from my cell to the captains office due to a incident that transpired between C/O Wensink and myself. Apond arriving at the captains office I was escorted to this room to the left, in which, Lt. Hicks, Lt. Ross, and Lt. Smoot were in this room. Once in this room, standing before them, Lt. Ross took off my handcuffs and told me that if I made any sudden moves he would mace me, so I placed my hands behind my back. So Lt. Hicks said I am giving his C/O's problems, so he pushed me into a wall and Lt. Ross hit me in the stomach twice and Lt. Hicks hit me in the cheek. I then got off the floor and began to look around to see if there was any cameras in this room. Lt. Hicks seen me looking around and told me that

3

there was no cameras in this office. At that time Lt. Ross told me to put my hands to my back while he held a can of mace in his hand, I complied to his order. Lt. Hicks asked me my name and number in which I told him. After I gave him this information I seen Lt. Hicks pull his mace out of his holster and hit the safety switch. I said I know my rights and that I know that he could not mace me for no reason. He said that this was Mansfield and he could do whatever he wanted and then he maced me in the face. They tackled me and knocked me to the ground telling me to stop resisting in which they roughed me up and bent my arms and fingers in painful positions.

Hicks' affidavit recites his recollection of the incident with Stoutamire:

    On November 11, 2014, foot patrol brought Inmate Stoutamire, #A532253, to the Captains office to document an incident that had just occurred between Inmate Stoutamire and Correctional Officer Wensink in which Inmate Stoutamire was being disruptive and making threats towards Correctional Officer Wensink. (Exhibit 1, P. 1, 17).

    While in the Captain's office, Inmate Stoutamire was uncuffed and asked to write a Use Of Force statement regarding the incident with Correctional Officer Wensink. (Exhibit 1, P. 17).

    When I asked him why he was refusing to give his name and number to Correctional Officer Wensink, Inmate Stoutamire became belligerent and hostile. (Exhibit 1, P. 31). At that point, Inmate Stoutamire stated, "I ain't taking nobody's shit" and stated he doesn't have to tell anyone his name. (Exhibit 1, P. 29, 31) I ordered Inmate Stoutamire to tell me his name and inmate number.

    At that point, Inmate Stoutamire quickly stepped towards me in a hostile manner, with his hands up. I immediately used a flinch block response to back him away from me. (Exhibit 1, P. 28, 31) A flinch block is when you bring your hands up and outward in an attempt to create distance from and to deflect from an attack. The flinch block was ineffective and Inmate Stoutamire continued to be loud and placed his hands in a fighting stance, appearing to be getting ready to strike me. I perceived Inmate Stoutamire's actions to be a danger to my physical well-being. In an effort to protect myself and restore order to the situation, I used a short burst of OC spray to his facial area. (Exhibit 1, P.29, 31). At that point, Lt. Ross and I were able to cuff him after a brief struggle on the floor. Inmate Stoutamire was escorted to the clinic. No injuries were noted except exposure to OC spray. (Exhibit 1, P. 29, 31, 37).

    No other force was needed or used. At no time did any officer strike or

punch Inmate Stoutamire. (Exhibit 1, P. 29, 31). There is no merit as to any of Inmate Stoutamire's claims that excessive use of force was used against him on November 11, 2014. (Exhibit 1, P. 37).1.

In considering the facts above, the Magistrate Judge determined that Stoutamire's account, if true, supports a finding of an Eighth Amendment Excessive Force claim. Stoutamire attests he was sprayed with mace, punched in the face and stomach, had his arm twisted, his wrist twisted til he thought it would pop, had his head pushed into a cabinet and had his fingers twisted til he thought they would break. The Magistrate Judge determined these were more than *de minimis* injuries. Furthermore, these actions were not related to the prison's interest in maintaining or restoring discipline. Coupled with the fact this occurred in the Warden's office where there were no cameras to record the events all support that a jury could find for Stoutamire if it believes the facts as he asserts them.

The Magistrate Judge then determined that the law was clearly established at the time of the incident that gratuitously pepper spraying an inmate and unprovoked punching of an inmate violate the Eighth Amendment.

The Magistrate Judge found that Hicks' assertion that the Eleventh Amendment bars claims against him in his official capacity is moot because Stoutamire amended his Complaint to limit his claims against individual officers to claims against them solely in their individual capacities.

Finally, the Magistrate Judge recommends that Hicks' *Heck* defense does not bar Stoutamire's suit as it does not involve a reversal of any administrative finding.

**Hicks' Objections**

Hicks asserts several objections to the Magistrate Judge's Report and Recommendation.

5

First, he contends that the Magistrate Judge improperly considered allegations made by Stoutamire for the first time in his Opposition to Summary Judgment. In his Complaint and Amended Complaint, Stoutamire's only factual allegation against Hicks was that Hicks used mace on him when he was compliant and nonaggessive.[2] He never asserted in any of his Complaints that Hicks struck him, twisted his arm or wrist or pushed him into a cabinet. These allegations surfaced only in his Opposition and Declaration in support of the same. As a result, Sixth Circuit law is clear that a plaintiff may not assert factual allegations for the first time in an Opposition to Summary Judgment for the obvious reason that Defendant is not put on notice of the claim and consequently did not do any discovery on the issue and could not properly include the unknown claim on summary judgment.

Furthermore, Hicks asserts there was no medical evidence showing any contusions, abrasions or other injury consistent with Stoutamire's allegations. Therefore, he is entitled to summary judgment based on qualified immunity as Stoutamire could not show any injury.

In his third objection, Hicks alleges the Magistrate Judge used the wrong legal standard. The Magistrate Judge repeatedly asserts he must take Plaintiff's allegations as true, however, that is not the correct legal standard. Instead, the Magistrate Judge must construe disputed issues of fact in favor of the non-movant.

Fourth, Hicks contends that the Magistrate Judge improperly concluded Hicks was not entitled to qualified immunity due to disputed issues of fact. Outside his own self serving statements, Stoutamire offers no evidence to contradict the evidence presented by Hicks. If the

---

[2] Stoutamire refers to the spray used on him as mace while Hicks calls it OC spray. OC or oleoresin capsicum spray is more commonly referred to as pepper spray.

Magistrate Judge had limited his review to the only allegation made against Hicks, i.e.- his use of pepper spray on Stoutamire- the evidence clearly shows the use of pepper spray was reasonable in light of Stoutamire's noncompliance and belligerence.

Lastly, Hicks objects to the Magistrate Judge's recommendation that the Eleventh Amendment does not apply to Stoutamire's Complaint because Stoutamire alleged only individual capacity claims against Hicks. However, the Complaint cannot be read so narrowly and the Court should grant summary judgment on Stoutamire's official capacity claims against Hicks for monetary damages as the Eleventh Amendment bars such claims.

## LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review de novo any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court

Judge to address objections by conducting a de novo review of relevant evidence in the record before the Magistrate Judge.

The rules governing objections to magistrate judges' reports require parties to specifically object to the problematic aspects of the report and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) & (b)(3); LR 72.3(b). A party's failure to do so could result in the loss of appellate rights. *Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. Apr. 30, 2018). Overly-generalized objections do not satisfy the specific-objection requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Neither does the regurgitation of the same merit brief before the magistrate judge constitute a sufficient objection. *Andres*, 733 F. App'x at 243.

**<u>Appropriate Legal Standard on Summary Judgment</u>**

Defendant alleges that the Magistrate Judge used the incorrect legal standard when addressing the summary judgment motion. The United States Supreme Court and Sixth Circuit have held that when deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true." *Muhammad v. Close,* 379 F.3d 413, 416 (6th Cir.2004). The Magistrate Judge considered the evidence and properly found genuine issues of fact. Thus, in application, the Magistrate Judge properly considered the competing affidavits and evidence and properly drew the inferences in favor of Stoutamire. This was the proper application of the standard and having reviewed the evidence this Court affirms that there exists genuine issues of fact on Hicks'

8

undisputed use of pepper spray on Stoutamire precluding summary judgment.

**New allegations raised for the first time in an Opposition to Summary Judgment Brief**

In his Complaint, Stoutamire's entire Eighth Amendment Exccessive Force claim alleges " [I]n the month of November 2014, a correctional officer wrote a incident report on me and contacted the captains office concerning this incident. Sometime later I was escorted to the captains office. Once I was brought into this office Lt. Hicks had me before him and maced me in my face while another officer punched on me." (ECF # 1, pg. 3).

In his Request to Amend Complaint (ECF # 15), Stoutamire requested amendment "to include that I am suing all defendants in their individual capacity." Stoutamire included no additional factual allegations in his request to amend. The Magistrate Judge allowed the amendment. In another Request to Amend (ECF # 19), Stoutamire sought to add Dr. Kidd as a Defendant on Count Two of his Complaint. There were no additional allegations made against Hicks.

On January 12, 2018, Defendants filed their Motion for Summary Judgment. In Defendants' Motion, Hicks moved solely on Stoutamire's claim that Hicks maced him without provocation. Hicks was never put on notice prior to summary judgment that Stoutamire was asserting any other allegedly excessive uses of force against Hicks. Hicks alleged he used pepper spray on Stoutamire when Stoutamire took a fighting stance against Hicks. After spraying Stoutamire, Hicks and a Lt. Ross took Stoutamire to the ground and after a brief struggle, handcuffed Stoutamire. No blows were struck according to Hicks and medical records revealed no cuts, abrasions, broken bones or any visible signs that would support Stoutamire's allegation that he was punched by an officer other than Hicks.

It was only in his Opposition to Summary Judgment that Stoutamire, for the first time, alleged that Hicks punched him and then bent his arm and fingers back. The Sixth Circuit, in its appellate opinion of September 27, 2019, also noted that Stoutamire's sole allegation against Hicks was that Hicks maced him. "He alleged that, in November 2014, a correctional officer 'wrote an incident report on [him] and contacted the captain[']s office concerning this incident." Stoutamire was escorted to the captain's office, where Hicks sprayed mace in his face and an unidentified officer punched him." (ECF # 47 pg 1).

The Sixth Circuit has held that a plaintiff may not allege new claims or allegations against a defendant in an opposition to summary judgment. "It is also the case that, by raising the claims for the first time in his opposition to summary judgment, Desparois did not properly present these claims before the district court. As the district court rightly pointed out, a plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion." *Desparois v. Perrysburg Exempted Vill. Sch. Dist.,* 455 F. App'x 659, 666 (6th Cir. 2012) *citing Bridgeport Music, Inc. v. WM Music Corp.,* 508 F.3d 394, 400 (6th Cir.2007). See also *Tucker, v. Union of Needletrades, Industrial and Textile Employees,* 407 F.3d 784 788 (6th Cir. 2005). ("A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a).") (citation omitted).

The Sixth Circuit in *Tucker* discussed the rationale against permitting the assertion of new claims in response to a summary judgment motion. "Once a case has progressed to the summary judgment stage, therefore, "the liberal pleading standards under *Swierkiewicz* and [the

10

Federal Rules] are inapplicable." (Citation omitted). "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a). To permit a plaintiff to do otherwise would subject defendants to unfair surprise." See also *Guiffre v. Local Lodge No.* 1124, No. 90–3540, 1991 WL 135576, at *5 (6th Cir. July 24, 1991) (unpublished) (refusing to hear claims raised for the first time in opposition to summary judgment because, "[h]aving received no notice of them, the defendants had no opportunity to investigate them when they conducted their own discovery"); see also *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir.2001) ("stating that even under the liberal notice-pleading regime, the Federal Rules of Civil Procedure still require "that the complaint give the defendant fair notice of the claim and its supporting facts"). Plaintiffs cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint. *Robbins v. New Cingular Wireless PCS, LLC,* 854 F.3d 315, 322 (6th Cir. 2017).

The Magistrate Judge considered these additional allegations because they were found in Exhibit 1 to Hicks' Motion for Summary Judgment which contained the Use of Force Reports from Mansfield Correctional Institution. However, these allegations were indisputedly not part of Stoutamire's Complaint.

Moreover, Stoutamire has sought leave to amend twice in this case so undeniably he is familiar with the procedural mechanism for adding claims or factual allegations. Yet, he never sought leave to amend to add these additional allegations against Hicks and therefore, he cannot now for the first time allege these allegations as a means to defeat Hicks' summary judgment motion. Consequently, the Court will only consider Stoutamire's allegation that Hicks

unlawfully used pepper spray on him.

The Magistrate Judge's Report and Recommendation clearly showed the widely disparate accounts between Stoutamire's version of the events and Hicks' version both via declarations and affidavits. Thus, there is a genuine issue of material fact whether Stoutamire was sprayed without cause or provocation.

"Once the defendant raises a qualified-immunity defense, the burden shifts to the plaintiff to demonstrate both [1] that the challenged conduct violated a constitutional or statutory right, and [2] that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.' " *T.S. v. Doe,* 742 F.3d 632, 635 (6th Cir. 2014). See *Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992), "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . This is true whether or not significant injury is evident."

Recently, the Sixth Circuit in *Abdur-Rahim v. City of Columbus, Ohio,* 825 F. App'x 284, 287 (6th Cir. 2020) recounted cases wherein the unjustified use of pepper spray on a compliant individual may constitute a constitutional violation. See *Grawey v. Drury,* 567 F.3d 302, 314 (6th Cir. 2009) (holding officers' use of pepper spray unreasonable when the arrestee had placed his hands against a wall and gave no indication of resistance); *Greene v. Barber,* 310 F.3d 889, 898 (6th Cir. 2002) (same when arrestee threatened no one's safety, did not flee, and was being

restrained by other officers); *Atkins v. Township of Flint,* 94 F. App'x 342, 349 (6th Cir. 2004) (same where officers sprayed arrestee twice but did not inform him that he was under arrest or that he committed any crime, and did not warn him that they would use pepper spray); *Vaughn v. City of Lebanon,* 18 F. App'x 252, 267 (6th Cir. 2001) (same when officer conceded that "there was no cause to spray [the arrestee]"). See also *Hanson v. Madison Cty. Det. Ctr.*, 736 F. App'x 521, 536–37 (6th Cir. 2018). "The material question, then, taking the use of pepper spray as given, is could a reasonable jury conclude that Hanson was gratuitously pepper sprayed?" In light of these cases this Court agrees with the Magistrate Judge that Stoutamire's right to be free from the wanton use of pepper spray as punishment was clearly established at the time of the November 2014 incident. Therefore, the wanton use of pepper spray as punishment on a compliant, non-threatening inmate is a clearly established violation of an inmate's constitutional right to be free from excessive force.

While Hicks disputes the circumstances under which he used pepper spray, the use of the spray itself is not in dispute. Therefore ,whether it was used to stop an aggressive inmate as Hicks attests or was instead used simply as a means of punishment for giving another officer a difficult time as Stoutamire attests presents a question fo fact for the jury.

**Eleventh Amendment**

The Eleventh Amendment to the United States Constitution bars claims for damages against a state, its agencies, and its employees in their official capacities unless a state has a waived its immunity. *Vick v. Core Civic,* 329 F. Supp. 3d 426, 447 (M.D. Tenn. 2018) citing *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), overruled on other grounds by *Hafer v. Melo,* 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

The Magistrate Judge held that Stoutamire amended his complaint, limiting his claims against Defendants, including Hicks, to claims against them in their individual capacities. However, the amendment was vague such that it could still be read to include official capacity claims. As these are barred by the Eleventh Amendment, the Court finds that insofar as Stoutamire alleges claims for damages against Hicks in both his individual and official capacities, his official capacity claim is barred and the Court grants summary judgment for Hicks on this claim.

Therefore, for the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation finding that genuine issues of fact preclude summary judgment for Hicks on Stoutamire's Eighth Amendment claim at Count One of his Complaint for Hicks' use of pepper spray. The Court agrees with Hicks that Stoutamire never alleged in his Complaint or Amended Complaint that Hicks used any other unlawful excessive force, therefore, he cannot assert them for the first time in an opposition to summary judgment and they are not properly before the Court. The Court further agrees that Hicks is not entitled to summary judgment based on qualified immunity as Stoutamire's claim against him for unlawful excessive force by use of pepper spray was a clearly established right. Finally, the Court dismisses Stoutamire's official capacity claim as it is barred by the Eleventh Amendment.

IT IS SO ORDERED.

Date: January 28, 2022  /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge